[Civ. No. 9860.   Third Dist.   May 5, 1960.]

WORTH SPITLER, Respondent, v. F. LEROY SMITH, Appellant.

Gilbert Moody for Appellant.

T. N. Petersen for Respondent.

VAN DYKE, P. J.—This is an appeal from a money judgment in an action for conversion.

On May 18, 1956, appellant and respondent entered into a conditional sales contract by which appellant agreed to sell to respondent two used Massey Harris combines for $9,000. The contract provided that appellant, at his option, could repossess the machinery for a violation of any term or condition of the contract by respondent. The combines were delivered to respondent on May 18th and he thereafter used them in commercial harvesting until June 30th when appellant repossessed the combines, claiming the right to do so because of respondent's alleged breach of his agreement to keep the combines "in first class condition and repair." Issue was joined by the pleadings herein as to the condition of the combines which the trial court found at the time of the repossession were in good working order, in average condition for commercial harvesters, and not in a state of disrepair. Appellant contends that the findings lack evidential support. The contention is not well taken.

Respondent frankly admitted that the combines were not in first class condition and showed use and wear, but he

testified that the combines had been serviced every day and that replacement of parts were made as necessary. An employee of respondent testified that the valves were in poor condition when the combines were delivered to respondent. He denied that the engines had ever been overheated or that anything was not done which was necessary to keep the combines in running order. A mechanic who examined the combines on the day that appellant repossessed them testified that they were in working condition and that he found nothing specifically wrong. The witness further testified that a chain that he had been asked to particularly check was not worn out but was operating. There was also evidence that within a week after appellant repossessed the combines he used one of them on a commercial harvesting job. The foregoing sufficiently supports the trial court's finding as to the condition of the combines.

Appellant pleaded as an affirmative defense a judgment of the municipal court and in support thereof introduced in evidence the judgment roll in that action. It appears therefrom that appellant recovered a money judgment against respondent in an action based on a common count for moneys due for gas and oil, parts for harvesting machinery, moneys loaned, and a restaurant bill. There is no evidence in the record from which it could be found that any issues in the present case were, or could have been, determined in the action in the municipal court. Consequently, the trial court correctly held that the judgment of the municipal court was not res judicata herein.

The trial court found that respondent had paid $3,000 on the purchase price and that the value of the combines at the time of the conversion was $3,000, and rendered judgment in favor of respondent in the amount of $3,000. Appellant contends the court erred in computing the amount of the damages as the balance of $6,000 of the purchase price should have been deducted from the value of the combines. The same argument was advanced in support of a motion for a new trial, which was denied. The trial court reasoned that the combines "were in substantially the same condition when repossessed as when sold. If they were worth $9000.00 on May 18, they were worth $9000.00 on June 30—and deducting the balance of $6000.00 on the contract price there would be an equity of $3000.00 belonging to plaintiff." Viewed in the light of the record the findings are fairly to be construed as addressed to the value of respondent's interest in the property at the time of the conversion.

683

We agree with the trial court's conclusion that ''Any other result would be a gross injustice to the plaintiff.''
The judgment is affirmed.

Peek, J., and Schottky, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 29, 1960.